(48 Misc. Rep. 376.)

### ROYAL COSTUME CO. v. WEIR.

(Supreme Court, Appellate Term.   November 3, 1905.)

CARRIERS—CARRIAGE OF GOODS—LIMITATION OF LIABILITY.

   A clause in an express company's receipt, limiting the extent of the company's liability where the value of the goods intrusted to it was not stated, is binding on the shipper, where the words "Value asked and not given" were stamped on the face of the receipt by the express company's agent in the presence of the shipper and before it was signed and delivered to the shipper.

   [Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Carriers, § 665.]

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by the Royal Costume Company against Levi C. Weir, as president of the Adams Express Company, for the value of goods lost. From a judgment for plaintiff for a part only of its claim, it appeals. Affirmed.

Argued before SCOTT, P. J., and BISCHOFF and FITZGERALD, JJ.

Mayer & Gilbert, for appellant.

Guthrie, Cravath & Henderson (Edward E. Stowell, of counsel), for respondent.

SCOTT, P. J.   The plaintiff appeals from a judgment in its favor, because, as it conceives, the recovery is too small.   The plaintiff, through its manager, delivered to the Adams Express Company a package of concededly greater value than $50, in which sum alone has it recovered damages herein.   The facts as proven and admitted are very similar to those before the court in Bernstein v. Weir, 40 Misc. Rep. 635, 83 N. Y. Supp. 48, in which Mr. Justice Freedman discussed with great care, elaboration, and learning the much litigated question as to the effect of a clause in an express company's receipt limiting the extent of the company's liability, where the value of the package intrusted to it was not stated.   It would serve no good purpose to attempt to go again over the ground so satisfactorily covered by that learned and experienced justice. In both the Bernstein Case and the present one the receipt containing the limiting clause had been contained in a book of receipts in the possession of the shipper, and was torn out when the goods were delivered, and in both cases the words "Value asked and not given" were stamped on the face of the receipt before it was signed and delivered to the shipper by the agent of the express company.

It is true that in the Bernstein Case the written portion of the receipt

was filled in by the shipper, while in the present case it was filled in by the company's agent in the presence of the shipper. This, however, is immaterial, as the limitation of liability is contained in the printed, and not in the written, portion of the receipt. So, also, the agreed facts in the present case justify a presumption of negligence on the part of the company as a reason for the injury to the goods, while in the Bernstein Case the loss of the goods was wholly unexplained. This difference in the facts, however, makes nothing against the application of the Bernstein Case to the present one, because in that case it was distinctly held that it would be presumed that the loss arose through negligence, because it was not otherwise explained. So that case was decided, as this must be, upon the presumption that the defendant's negligence was responsible for the loss of plaintiff's goods.

With the exception of these differences, which are wholly immaterial, the facts in the case at bar are on all fours with those in Bernstein v. Weir, supra; and upon the authority of that case the judgment should be affirmed, with costs. All concur.

Argued before SCOTT, P. J., and BISCHOFF and FITZGERALD, JJ.